**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KERRY KRUSKAL,

Plaintiff,

vs. No. CIV 16-1075 JB/SCY

JUAN MARTINEZ and DIANA MARTINEZ,

Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(h)(3) of the Federal Rules of Civil Procedure, on: (i) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), filed September 29, 2016 (Doc. 2)("Application"); and (ii) the Plaintiff's Notice of Appeal (Complaint to Send NM Supreme Court Decision back to State), filed September 29, 2016 (Doc. 1)("Complaint"). Plaintiff Kerry Kruskal appears pro se. For the reasons set out below, the Court will: (i) grant Kruskal's Application; and (ii) dismiss this case without prejudice for lack of subject-matter jurisdiction.

**FACTUAL BACKGROUND**

Kruskal's Application to proceed in forma pauperis states: (i) his "[a]verage monthly income amount during the past 12 months" was $196.00 in food stamps; (ii) he is unemployed; (iii) he has $200.00 in cash and $200.00 in a checking account; (iv) he owns two vehicles and other assets worth a total of $1,800.00;[1] (v) he owns real estate worth $600,000.00, but "have leins [sic] when I sell real estate I do not get the cash;" (vi) his estimated average monthly expenses total $800.00. Application at 2-5. Kruskal signed an "Affidavit in Support of the Application," stating that he "is unable to pay

[1]Kruskal does not state a value amount for the 2003 Subaru, states a value amount of $1,000.00 for a 1999 Chevy pick-up, and states a value amount of $800.00 for "[o]ther assets," but does not identify those other assets. Application at 3.

the costs of these proceedings" and declaring under penalty of perjury that the information he provided in the Application is true." Application at 1.

This case arises from a contract dispute, which Kruskal litigated in the District Court of Taos County, Eighth Judicial District, New Mexico. See Complaint at 1.[2] The Complaint alleges the following facts. The Honorable Jeff Foster McElroy, Chief District Judge for the District Court of Taos County, ruled against Kruskal, but did not provide notice of his decision to Kruskal. See Complaint at 1-2. After the opposing parties filed "a motion claiming that Plaintiff Kruskal had missed his deadline to appeal," "Kruskal immediately filed a motion to reconsider." Complaint at 1-2. "Although Judge McElroy denied the motion to reconsider, he still clearly stated, from the bench, that Kruskal could still appeal." Complaint at 2. Kruskal appealed to the Court of Appeals of New Mexico. See Complaint at 2. "The Appellate Court 'refused' to look into the issues raised in the appeal, stating that Kruskal had missed the 30 day deadline to respond." Complaint at 2. "The Supreme Court [of New Mexico] upheld the Appellate decision." Complaint at 2. Kruskal now "requests that this Federal Court reverse the opinion of the Supreme court [sic], and send the appeal back down to be reviewed on the merits." Complaint at 2.

## LAW REGARDING PROCEEDING IN FORMA PAUPERIS

The statute for proceedings in forma pauperis ("IFP"), 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the

[2]Kruskal's Complaint is three pages long with 56 pages of attachments. The attachments are documents from the underlying case in state district court.

action is frivolous or malicious, it may dismiss the case[.]

Menefee v. Werholtz, 368 Fed. App'x. 879, 884 (10th Cir. 2010)(citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." Scherer v. Kansas, 263 Fed. App'x. 667, 669 (10th Cir. 2008)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (internal quotation marks omitted). While the district court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. Brewer v. City of Overland Park Police Department, 24 Fed. App'x. 977, 979 (10th Cir. 2002)(stating that a litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[3]

The district court may grant a motion to proceed IFP even if the complaint fails to state a claim and the court must thereby dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2). See

[3]At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00. See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeded his monthly expenses by $242.00. See Brewer v. City of Overland Park Police Department, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding IFP proceedings, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962)(citations omitted).

The district court has the discretion to dismiss an IFP complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1952(e)(2). The district court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing the Complaint, the district court applies the same legal standards applicable to pleadings that an attorney drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

**RELEVANT LAW REGARDING SUBJECT-MATTER JURISDICTION**

It is a fundamental precept of American law that the federal courts are "courts of limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Federal courts "possess only that power authorized by [the] Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law -- federal

question jurisdiction -- and controversies arising between citizens of different states -- diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332.

Pursuant to rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Objection to a federal court's subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006). See Kontrick v. Ryan, 540 U.S. 443, 455 (2004)("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884)(holding that the nature and limits of federal judicial power require the court to raise the issue of subject-matter jurisdiction sua sponte).

Whenever the court lacks jurisdiction of the subject matter involved in an action, the court must dismiss the action. See Tuck v. United Services Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). The party seeking the exercise of jurisdiction bears the burden of establishing jurisdiction and "must allege in his pleading the facts essential to show jurisdiction." United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir. 1995)(citation and internal quotations omitted). In determining whether a party has adequately presented facts sufficient to establish jurisdiction, the court should look to the complaint's face, see Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972), accepting the well-pleaded factual allegations as true, see United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1203 (10th Cir. 2001), but ignoring conclusory allegations of jurisdiction, see Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971). "[D]ismissals for lack of jurisdiction should be without prejudice because the court,

having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims." Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006)(emphasis in original).

"The Rooker-Feldman[[4]] doctrine embodies the simple principle that federal district courts have no jurisdiction to sit as courts of appeal to state courts." Valdez v. Metro. Prop. & Cas. Ins. Co., 867 F. Supp. 2d 1143, 1167 (D.N.M. 2012)(Browning, J.). The Rooker-Feldman doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" Lance v. Dennis, 546 U.S. 459, 460 (2006)(quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, (2005)). See Erlandson v. Northglenn Mun. Court, 528 F.3d 785, 788-89 (10th Cir. 2008); Mann v. Boatright, 477 F.3d 1140, 1146 (10th Cir. 2007). The elements of the Rooker-Feldman doctrine are: "(i) a state-court loser; (ii) who is asking a federal district court; (iii) to review the correctness of a judgment rendered by a state court; and (iv) which judgment was rendered before the commencement of the federal proceeding." Valdez v. Metro. Prop. & Cas. Ins. Co., 867 F. Supp. 2d at 1167-68. The Tenth Circuit has made clear that "'the *Rooker-Feldman* doctrine is confined to cases brought after the state proceedings have ended.'" Valdez v. Metro. Prop. & Cas. Ins. Co., 867 F. Supp. 2d at 1168 (quoting Mann v. Boatright, 477 F.3d at 1146). See Guttman v. Khalsa, 446 F.3d 1027,

[4]The Rooker-Feldman doctrine derives from two Supreme Court of the United States of America cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The United States Court of Appeals for the Tenth Circuit has held that the "*Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments." Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1142-43 (10th Cir. 2006).

1031-32 (10th Cir. 2006)(holding that Rooker-Feldman doctrine applies only where state court appeals process has run its full course).

## ANALYSIS

Having carefully reviewed the Application, the Complaint, and the relevant law, the Court will: (i) grant Kruskal's Application; and (ii) dismiss the Complaint without prejudice, for lack of subject-matter jurisdiction.

The Court will grant Kruskal's Application to proceed in forma pauperis, because: (i) he signed an affidavit stating that he is unable to pay the costs of this proceeding and declares under penalty of perjury that the information in his Application is true; and (ii) he provided information showing that his monthly expenses exceed his monthly income. See Application at 1-5. See also Adkins v. E.I. DuPont de Nemours & Co., 335 U.S at 339 (stating that, while a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life").

The Court will dismiss this case without prejudice for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Kruskal, who lost in state court by virtue of a decision which the Supreme Court of New Mexico entered before the commencement of this case, asks this Court to review the correctness of the Supreme Court of New Mexico's decision. See Complaint at 2. The Court does not have jurisdiction to review the Supreme Court of New Mexico's decision. See Valdez v. Metro. Prop. & Cas. Ins. Co., 867 F. Supp. 2d at 1167-68 (stating that the Rooker-Feldman doctrine requires: "(i) a state-court loser; (ii) who is asking a federal district court; (iii) to review the correctness of a judgment rendered by a state court; and

(iv) which judgment was rendered before the commencement of the federal proceeding"). Kruskal does not seek any other relief and does not allege any facts showing that the Court has subject-matter jurisdiction. See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d at 1495 (stating that the party seeking the exercise of jurisdiction bears the burden of establishing the validity of that jurisdiction and "must allege in his pleading the facts essential to show jurisdiction").

**IT IS ORDERED** that: (i) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), filed September 29, 2016 (Doc. 2), is granted; and (ii) this case is dismissed without prejudice; and (iii) Final Judgment is entered.

UNITED STATES DISTRICT JUDGE

*Parties*:

Kerry Kruskal
Arroyo Seco, New Mexico

*Plaintiff pro se*

Juan Martinez
Diana Martinez

*Defendants pro se*