# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KERRY KRUSKAL,

       Plaintiff,

v.                                               No. CIV 16-1075 JB/SCY

JUAN MARTINEZ and DIANA MARTINEZ,

       Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO REOPEN CASE

**THIS MATTER** comes before the Court on the Plaintiff's Request to Reopen Case Such That Kruskal Can Appeal the Final Judgment, filed May 5, 2017 (Doc. 9)("Motion to Reopen"). Plaintiff Kerry Kruskal appears pro se. For the reasons below, the Court will deny Kruskal's Motion to Reopen.

## PROCEDURAL BACKGROUND

On September 29, 2016, Kruskal filed suit in federal court requesting relief from a state court decision. <u>See</u> Notice of Appeal -- Complaint to Send NM Supreme Court Decision Back to State at 1-3 (Doc. 1)("Complaint"). In 2015, the Eighth District Court, County of Taos, State of New Mexico, ruled on a contract dispute involving Kruskal, but the state court clerk did not send a copy of the ruling to the parties. <u>See</u> Complaint at 1. Kruskal appealed, but "[t]he Appellate Court refused to look into the issues raised in the appeal, stating that Kruskal had missed the 30 day deadline." Complaint at 2. "The Supreme Court upheld the Appellate decision." Complaint at 2. Consequently, Kruskal requested "that this Federal Court reverse the opinion of the Supreme [C]ourt, and send the appeal back down to be reviewed on the merits." Complaint at 2. Kruskal also filed a CM/ECF Pro Se Notification Form showing that he elected to receive

notification via email.  See CM/ECF Pro Se Notification Form at 1, filed September 29, 2016

(Doc. 3)("Pro Se Form").

The Court dismissed the case without prejudice for lack of subject-matter jurisdiction

stating:

> Kruskal, who lost in state court by virtue of a decision which the Supreme Court of
> the State of New Mexico entered before the commencement of this case, asks this
> Court to review the correctness of the Supreme Court of the State of New Mexico's
> decision.  See Complaint at 2.  The Court does not have jurisdiction to review the
> Supreme Court of the State of New Mexico's decision.  See Valdez v. Metro.
> Prop. & Cas. Ins. Co., 867 F. Supp. 2d [1143], 1167-68 [(D.N.M.
> 2012)(Browning, J.)](stating that the Rooker-Feldman[1] doctrine requires: "(i) a
> state-court loser; (ii) who is asking a federal district court; (iii) to review the
> correctness of a judgment rendered by a state court; and (iv) which judgment was
> rendered before the commencement of the federal proceeding").  Kruskal does not
> seek any other relief, and does not allege any facts showing that this Court has
> subject-matter jurisdiction.  See United States ex rel. General Rock & Sand Corp.
> v. Chuska Dev. Corp., 55 F.3d [1491], 1495 [(10th Cir. 1995)](stating that the party
> seeking the exercise of jurisdiction bears the burden of establishing the validity of
> that jurisdiction and "must allege in his pleading the facts essential to show
> jurisdiction").

Memorandum Opinion and Order of Dismissal at 7-8, 2016 WL 7246108, at *4, filed November

30, 2016 (Doc. 7)("Dismissal Order").  The Court entered its Final Judgment on November 30,

2016.  See Final Judgment at 1, filed November 30, 2016 (Doc. 8)("Final Judgment").  On

November 30, 2017, the Court electronically emailed Notices of Electronic Filing of the Dismissal

Order and the Final Judgment to the email address Kruskal provided in his CM/ECF Pro Se

Notification Form.  See Pro Se Form at 1.  Kruskal did not file a notice of appeal.

Kruskal now asks the Court to reopen this "case such that Kruskal can appeal."  Motion to

---

[1]The Rooker-Feldman doctrine derives from two Supreme Court of the United States of
America cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court
of Appeals v. Feldman, 460 U.S. 462 (1983).  The United States Court of Appeals for the Tenth
Circuit has held that the "Rooker-Feldman doctrine prohibits federal suits that amount to appeals
of state-court judgments."  Bolden v. City of Topeka, 441 F.3d 1129, 1142-43 (10th Cir. 2006).

Reopen at 2. Kruskal appears to make his request to reopen the case under rule 4 of the Federal Rules of Appellate Procedure. Kruskal states: "The record shows that Kruskal was sent two emails on 11/30/2016. They did not arrive." Motion to Reopen ¶ 3, at 1.

## ANALYSIS

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk." Fed. R. App. P. 3(a)(1). In a civil case, "the notice of appeal . . . must be filed with the district court clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Assuming that certain conditions are met, "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered." Fed. R. App. P. 4(a)(6). In order to reopen the time to appeal, the Court must find:

(A)     . . . that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B)     the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and,

(C)     . . . that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

The Court's investigation of the record does not support Kruskal's assertion that he did not receive the Dismissal Order and the Final Judgment. The Notices of Electronic Filing of the Dismissal Order and the Final Judgment were electronically mailed to the email address that Kruskal provided. Furthermore, a systems engineer with the Court reviewed the Court's Case E-Mail Notification Tracking System archives, which show that the destination server successfully received the November 30, 2016 emails to Kruskal. Kruskal offers no explanation

why he did not receive the emails. The Court concludes that Kruskal received timely notice of the Court's Dismissal Order and Final Judgment. Because the first prerequisite for reopening the time to appeal pursuant to rule 4(a)(6) of the Federal Rules of Appellate Procedure has not been met, the Court denies Kruskal's request to reopen the case.[2]

**IT IS ORDERED** that Plaintiff's Request to Reopen Case such that Kruskal Can Appeal the Final Judgment, filed May 5, 2017 (Doc. 9), is denied.

_____
UNITED STATES DISTRICT JUDGE

_Counsel_:

Kerry Kruskal
Arroyo Seco, New Mexico

   _Plaintiff pro se_

Juan Martinez
Diana Martinez

   _Defendants pro se_

---

[2]At the end of his Motion to Reopen, Kruskal "requests some direction" and asks "[s]hould [he] appeal to Colorado? Or should [he] go straight to the US Supreme Court?" Motion to Reopen ¶ 19, at 3. Although the Court cannot give Kruskal legal advice, Rooker-Feldman requires Kruskal to appeal to the Supreme Court of the United States and not to the lower federal courts. Thus, Kruskal cannot appeal the state-court decision to the Court or to the United States Court of Appeals for the Tenth Circuit in Denver, Colorado.