# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KERRY KRUSKAL,

       Plaintiff,

vs.                                      No. CIV 16-1075 JB\SCY

JUAN MARTINEZ and DIANA MARTINEZ,

       Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO RECONSIDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Reconsidder [sic] Memorandum Oppinion [sic] and Order 8/20/2018 and Request for Documentation, filed August 31, 2018 (Doc. 14)("Second Motion to Reconsider"). Plaintiff Kerry Kruskal appears pro se. For the reasons set out below, the Court will deny Kruskal's Second Motion to Reconsider.

## PROCEDURAL BACKGROUND

On September 29, 2016, Kruskal filed suit in federal court requesting relief from a state court decision. See Notice of Appeal -- Complaint to Send NM Supreme Court Decision Back to State at 1-3 (Doc. 1)("Complaint"). In 2015, the Eighth District Court, County of Taos, State of New Mexico, ruled on a contract dispute involving Kruskal, but the state court clerk did not send a copy of the ruling to the parties. See Complaint at 1. Kruskal appealed, but "[t]he Appellate Court refused to look into the issues raised in the appeal, stating that Kruskal had missed the 30-day deadline." Complaint at 2. "The Supreme Court upheld the Appellate decision." Complaint at 2. Consequently, Kruskal requested "that this Federal Court reverse the opinion of the Supreme [C]ourt, and send the appeal back down to be reviewed on the merits." Complaint at 2. Kruskal

also filed a CM/ECF Pro Se Notification Form showing that he elected to receive notification via e-mail. See CM/ECF Pro Se Notification Form at 1, filed September 29, 2016 (Doc. 3)("Pro Se Form").

The Court dismissed this case without prejudice for lack of subject-matter jurisdiction stating:

> Kruskal, who lost in state court by virtue of a decision which the Supreme Court of the State of New Mexico entered before the commencement of this case, asks this Court to review the correctness of the Supreme Court of the State of New Mexico's decision. See Complaint at 2. The Court does not have jurisdiction to review the Supreme Court of the State of New Mexico's decision. See Valdez v. Metro. Prop. & Cas. Ins. Co., 867 F. Supp. 2d [1143], 1167–68 [(D.N.M. 2012)(Browning, J.)](stating that the Rooker-Feldman[1] doctrine requires: "(i) a state-court loser; (ii) who is asking a federal district court; (iii) to review the correctness of a judgment rendered by a state court; and (iv) which judgment was rendered before the commencement of the federal proceeding"). Kruskal does not seek any other relief, and does not allege any facts showing that this Court has subject-matter jurisdiction. See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d [1491],1495 [(10th Cir. 1995)] (stating that the party seeking the exercise of jurisdiction bears the burden of establishing the validity of that jurisdiction and "must allege in his pleading the facts essential to show jurisdiction").

Memorandum Opinion and Order of Dismissal at 7-8, 2016 WL 7246108, at *4, filed November 30, 2016 (Doc. 7)("Dismissal Order"). The Court entered its Final Judgment on November 30, 2016. See Final Judgment at 1, filed November 30, 2016 (Doc. 8). On November 30, 2017, the Court electronically emailed Notices of Electronic Filing of the Dismissal Order and the Final Judgment to the email address Kruskal provided in his CM/ECF Pro Se Notification Form. See

---

[1]The Rooker-Feldman doctrine derives from two Supreme Court of the United States of America cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The United States Court of Appeals for the Tenth Circuit has held that the "*Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments." Bolden v. City of Topeka, 441 F.3d 1129, 1142-43 (10th Cir. 2006).

Pro Se Form at 1. Kruskal did not file a notice of appeal.

Kruskal then asked the Court to reopen this "case such that Kruskal can appeal." Request to Reopen Case Such That Kruskal Can Appeal the Final Judgement [sic] The Honorable James O. Browning 11/30/2016 ¶ 1, at 2, filed May 5, 2017 (Doc. 9)("Motion to Reopen"). Kruskal appeared to make his request to reopen the case pursuant to rule 4 of the Federal Rules of Appellate Procedure. Kruskal stated: "The record shows that Kruskal was sent two emails on 11/30/2016. They did not arrive." Motion to Reopen ¶ 3, at 1.

The Court denied Kruskal's Motion to Reopen, "[b]ecause the first prerequisite for reopening the time to appeal pursuant to rule 4(a)(6) of the Federal Rules of Appellate Procedure ha[d] not been met." Memorandum Opinion and Order Denying Motion to Reopen Case at 4, filed January 3, 2018 (Doc. 10)("Order Denying Motion to Reopen"). To reopen the time to appeal, the Court must find:

> (A)      . . . that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B)      the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and,
>
> (C)      . . . that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). The Court stated:

> The Court's investigation of the record in this case does not support Kruskal's assertion that he did not receive the Dismissal Order and the Final Judgment. The Notices of Electronic Filing of the Dismissal Order and the Final Judgment were electronically mailed to the email address that Kruskal provided. Furthermore, a systems engineer with the Court reviewed the Court's Case E-Mail Notification Tracking System archives, which show that the destination server successfully received the emails on November 30, 2016 emails to Kruskal.

Kruskal offers no explanation for why he did not receive the emails. The Court concludes that Kruskal received timely notice of the Court's Dismissal Order and Final Judgment.

Order Denying Motion to Reopen at 3-4.

In his Motion to Reconsider, which he filed on January 11, 2018, Kruskal states: "Just a couple of days ago, Kruskal went back into his own archived mail to find that the letters[2] did in fact arrive on 11/30/2015." Motion to Reconsider at 3. Kruskal also states that he "just now opened the emails, for the very first time Kruskal sees" the notice of the Court's Order dismissing the case. Motion to Reconsider at 3. Kruskal explains that a "server problem" may have caused the emails to arrive late. Motion to Reconsider at 3.

The Court denied Kruskal's Motion to reconsider noting that "Kruskal consented in writing to receive notifications by email," and "Kruskal was timely served notice of the entry of judgment -- the same day the judgment was entered." Memorandum Opinion and Order, filed August 18, 2018 (Doc. 13)("Order Denying Reconsideration"). The Court concluded that "Kruskal received proper notice under rule 77(d) of the Federal Rules of Civil Procedure, and he has not shown any new evidence that is relevant to the appellate rule 4(a)(6) prerequisite for reopening the time to appeal." Order Denying Reconsideration at 20.

Kruskal now asks the Court to reconsider its Order Denying Reconsideration and states he is "perplexed that the court computer expert appears to so readily be able to find the delivery receipt, but will not confirm that there is no read receipt." Second Motion to Reconsider at 1. "Kruskal requests that this court make the logs from the federal email system available to Kruskal

_____

[2]The word "letters" refers to the Notices of Electronic Filing of the Dismissal Order and the Final Judgment that the Court electronically mailed to the email address that Kruskal provided.

(and/or his expert) such that Kruskal can prove that he never opened the emails."   Second Motion

to Reconsider at 1.

## LAW REGARDING MOTIONS TO RECONSIDER

Except where the Federal Rules of Civil Procedure specify, motions to reconsider fall

into three categories:

> (i) a motion to reconsider filed within [twenty-eight] days of the entry of
> judgment is treated as a motion to alter or amend the judgment under rule 59(e);
> (ii) a motion to reconsider filed more than [twenty-eight] days after judgment
> is considered a motion for relief from judgment under rule 60(b); and (iii) a
> motion to reconsider any order that is not final is a general motion directed at
> the Court's inherent power to reopen any interlocutory matter in its discretion.

Pedroza v. Lomas Auto Mall, Inc., 258 F.R.D. 453, 462 (D.N.M. 2009)(Browning, J.).   See Price

v. Philpot, 420 F.3d at 1167; Computerized Thermal Imaging, Inc. v. Bloomberg. L.P., 312 F.3d

1292, 1296 (10th Cir. 2002).

**1.      Motions for Reconsideration Under Rules 59(e) and 60(b).**

Courts may treat motions for reconsideration as a rule 59(e) motion when the movant files

within twenty-eight days of a court's entry of judgment.   See Price v. Philpot, 420 F.3d at 1167

n.9.   If the movant files outside that time period, courts should treat the motion as seeking relief

from judgment under rule 60(b).   See Price v. Philpot, 420 F.3d at 1167 n.9.   "[A] motion for

reconsideration of the district court's judgment, filed within [rule 59's filing deadline], postpones

the notice of appeal's effect until the motion is resolved."   Jones v. United States,  355 F. App'x

117, 121 (10th Cir. 2009)(unpublished).   The time limit in rule 59(e) is now twenty-eight days

from the entry of a judgment.   See Fed. R. Civ. P. 59(e).

Whether a motion for reconsideration should be considered a motion under rule 59 or rule 60 is not only a question of timing, but also "depends on the reasons expressed by the movant." Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc., 680 F.3d 1194, 1200 (10th Cir. 2011). Where the motion "involves 'reconsideration of matters properly encompassed in a decision on the merits,'" a court considers the motion under rule 59(e). Phelps v. Hamilton, 122 F.3d 1309, 1323-24 (10th Cir. 1997)(quoting Martinez v. Sullivan, 874 F.2d 751, 753 (10th Cir. 1989)). In other words, if the reconsideration motion seeks to alter the district court's substantive ruling, then it should be considered a rule 59 motion and be subject to rule 59's constraints. See Phelps v. Hamilton, 122 F.3d at 1324. In contrast, under rule 60,

> [o]n motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding for the following reasons:
>
> (1)    mistake, inadvertence, surprise, or excusable neglect;
>
> (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)    the judgment is void;
>
> (5)    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Neither a rule 59 nor a rule 60 motion for reconsideration

> are appropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. . . . Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.

Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Servants of the Paraclete v. Does, 204 F.3d at 1012. A district court has considerable discretion in ruling on a motion to reconsider. See Phelps v. Hamilton, 122 F.3d at 1324.

A court cannot enlarge the time for filing a rule 59(e) motion. See Brock v. Citizens Bank of Clovis, 841 F.2d 344, 347 (10th Cir. 1988)(holding that district courts lack jurisdiction over untimely rule 59(e) motions); Plant Oil Powered Diesel Fuel Sys., Inc. v. ExxonMobil Corp., No. 11-0103, 2012 WL 869000, at *2 (D.N.M. Mar. 8, 2012)(Browning, J.)("The Court may not extend the time period for timely filing motions under Rule 59(e) . . . ."). "A motion under rule 59 that is filed more than 28 days after entry of judgment may be treated as a Rule 60(b) motion for relief from judgment." 12 James Wm. Moore Et. Al., Moore's Federal Practice § 59.11[4][b], at 59-32 (3d ed. 2012)(citations omitted). Nevertheless, a court will not generally treat an untimely rule 59(e) motion as a rule 60(b) motion when the party is seeking "'reconsideration of matters properly encompassed in a decision on the merits' contemplated by Rule 59(e).'" Jennings v. Rivers, 394 F.3d 850, 854 (10th Cir. 2005)(quoting Osterneck v. Ernst & Whinney, 489 U.S. 169, 174 (1989).

Under some circumstances, parties can rely on rule 60(b)(1) for a mistake by their attorney or when their attorney acted without their authority. See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999)("Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party . . . when the party has made an excusable litigation mistake or an attorney has acted without authority. . . ."). Mistakes in this context entail either acting without the client's consent or making a litigation mistake, such as failing to file or to comply with deadlines. See Yapp v. Excel Corp., 186 F.3d at 1231. If the alleged incident entails a mistake, then it must be excusable, meaning that the party was not at fault. See Pioneer Inv. Servs. v. Brunswick Assocs. LP, 507 U.S. 380, 394 (1993); Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)("If the mistake alleged is a party's litigation mistake, we have declined to grant relief under Rule 60(b)(1) when the mistake was the result of a deliberate and counseled decision by the party."); Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990)(holding that attorney carelessness is not a basis for relief under rule 60(b)(1)).

Courts will not grant relief when the mistake of which the movant complains is the result of an attorney's deliberate litigation tactics. See Cashner v. Freedom Stores, Inc., 98 F.3d at 577. This rule exists because a party

> voluntarily chose [the] attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

Pioneer Inv. Servs. v. Brunswick Assocs. LP, 507 U.S. at 397 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962))(internal quotation marks omitted). The Tenth Circuit has held

that there is nothing "novel" about "the harshness of penalizing [a client] for his attorney's conduct," and has noted that those "who act through agents are customarily bound," even though, when "an attorney is poorly prepared to cross-examine an expert witness, the client suffers the consequences." Gripe v. City of Enid, Okla., 312 F.3d 1184, 1189 (10th Cir. 2002).

Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case." Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991)(internal quotation marks omitted). "If the reasons offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), those reasons will not justify relief under Rule 60(b)(6)." 12 Moore's Federal Practice § 60.48[2] (3d ed. 1999), at 60-182. Accord Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n.11 (1988)("This logic, of course, extends beyond clause (1) and suggests that clause (6) and clauses (1) through (5) are mutually exclusive."). "The Rule does not particularize the factors that justify relief, but we [, The Supreme Court of the United States,] have previously noted that it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,'" Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. at 863-64 (quoting Klapprott v. United States, 335 U.S. 601, 614-15 (1949)), "while also cautioning that it should only be applied in 'extraordinary circumstances,'" Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. at 864 (quoting Ackermann v. United States, 340 U.S. 193, 193 (1950)).

Generally, the situation must be one beyond the control of the party requesting relief under rule 60(b)(6) to warrant relief. See Ackermann v. United States, 340 U.S. 193, 202 (1950)("The comparison [of prior precedent] strikingly points up the difference between no choice and choice; imprisonment and freedom of action; no trial and trial; no counsel and

counsel; no chance for negligence and inexcusable negligence. Subsection 6 of Rule 60(b) has

no application to the situation of petitioner."). Legal error that provides a basis for relief under

rule 60(b)(6) must be extraordinary, as the Tenth Circuit discussed in <u>Van Skiver v. United</u>

<u>States</u>:

> The kind of legal error that provides the extraordinary circumstances justifying
> relief under Rule 60(b)(6) is illustrated by <u>Pierce [v. Cook & Co.</u>, 518 F.2d 720,
> 722 (10th Cir. 1975)(en banc)]. In that case, this court granted relief under
> 60(b)(6) when there had been a post-judgment change in the law "arising out of
> the same accident as that in which the plaintiffs . . . were injured." <u>Pierce v. Cook
> & Co.</u>, 518 F.2d at 723. However, when the post-judgment change in the law did
> not arise in a related case, we have held that "[a] change in the law or in the
> judicial view of an established rule of law" does not justify relief under Rule
> 60(b)(6). <u>Collins v. City of Wichita</u>, 254 F.2d 837, 839 (10th Cir. 1958).

<u>Van Skiver v. United States</u>, 952 F.2d at 1244-45.

## 2. <u>Motions to Reconsider Interlocutory Orders</u>.

Considerable confusion exists among the bar regarding the proper standard for a district

court to apply when ruling on a motion to reconsider one of its prior "interlocutory" or "interim"

orders, i.e., an order that a district court issues while the case is ongoing, as distinguished from a

final judgment. This confusion originates from the fact that the Federal Rules of Civil Procedure

do not mention motions to reconsider, let alone set forth a specific procedure for filing them or a

standard for analyzing them. A loose conflation in terminology in <u>Servants of the Paraclete v.</u>

<u>Does</u>, which refers to rule 59(e) motions -- "motion[s] to alter or amend a <u>judgment</u>" -- as "motions

to reconsider,"[3] compounds that baseline confusion. Fed. R. Civ. P. 59(e) (emphasis added);

<u>Servants of the Paraclete v. Does</u>, 204 F.3d at 1005.

---

[3]The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the United States Court
of Appeals for the Tenth Circuit, who authored <u>Servants of the Paraclete v. Does</u>, refers to rule

Final judgments are different from interlocutory orders. <u>See</u> Fed. R. Civ. P. 54(a)("'Judgment' as used in these rules includes a decree and any order <u>from which an appeal lies</u>.")(emphasis added). In addition to ripening the case for appeal, <u>see</u> 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts . . . ."), the entry of final judgment narrows the district court's formerly plenary jurisdiction over the case in three ways. First, for the first twenty-eight days after the entry of judgment, when the court can entertain motions under rules 50(b), 52(b), 59, and 60, the district court's jurisdiction trumps that of the court of appeals. <u>See</u> Fed. R. App. P. 4(a)(4)(B). Even if a party files a notice of appeal, the court of appeals will wait until after the district court has ruled on the post-judgment motion to touch the case. <u>See</u> Fed. R. App. P. 4(a)(4)(B). Second, after twenty-eight days, when the court may consider motions under rule 60, if a party has filed a notice of appeal, the court of

_____

59(e) motions as "motions to reconsider" several times throughout the opinion. <u>See</u>, <u>e.g.</u>, 204 F.3d at 1005. He uses the term "motion to reconsider" as an umbrella term that can encompass three distinct motions: (i) motions to reconsider an interlocutory order, which no set standard governs, save that the district court must decide them "before the entry of . . . judgment," Fed. R. Civ. P. 54(b); (ii) motions to reconsider a judgment made within twenty-eight days of the entry of judgment, which the <u>Servants of the Paraclete v. Does</u> standard governs; and (iii) motions to reconsider a judgment made more than twenty-eight days after the entry of judgment, which rule 60(b) governs. There is arguably a fourth standard for motions to reconsider filed more than a year after the entry of judgment, as three of the rule 60(b) grounds for relief expire at that point.

Much confusion could be avoided by using the term "motion to reconsider" exclusively to refer to the first category, "motion to amend or alter the judgment" exclusively to refer to the second category, and "motion for relief from judgment" exclusively to refer to the third category (and arguable fourth category). These are the terms that the Federal Rules of Civil Procedure -- and other Courts of Appeals -- use to describe (ii) and (iii). The Court agrees with Judge Kelly -- and all he likely meant by using motion to reconsider as an umbrella term is -- that, if a party submits a motion captioned as a "motion to reconsider" after an entry of final judgment, the court should evaluate it under rule 59(e) or 60(b), as appropriate, rather than rejecting it as untimely or inappropriate.

appeals' jurisdiction trumps the district court's jurisdiction, and the district court needs the court of appeals' permission even to grant a rule 60 motion. Third, after twenty-eight days, if no party has filed a notice of appeal, district courts may consider motions under rule 60.

Final judgments implicate two important concerns militating against giving district courts free reign to reconsider their judgments. First, when a case is not appealed, there is an interest in finality. The parties and the lawyers expect to go home, quit obsessing about the dispute, and put the case behind them, and the final judgment -- especially once the twenty-eight day window of robust district court review and the thirty-day window of appeal have both closed -- is the disposition upon which they are entitled to rely. Second, when a case is appealed, there is the need for a clean jurisdictional handoff from the district court to the court of appeals. "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously," as doing so produces a "danger [that] a district court and a court of appeals w[ill] be simultaneously analyzing the same judgment." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-59 (1982).

The court of appeals needs a fixed record on which to base its decisions -- especially given the collaborative nature of appellate decision making -- and working with a fixed record requires getting some elbow room from the district court's continued interference with the case. The "touchstone document" for this jurisdictional handoff is the notice of appeal, and not the final judgment. Griggs v. Provident Consumer Discount Co., 459 U.S. at 58 ("The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (citations omitted)); Garcia v. Burlington N. R.R. Co., 818 F.2d 713, 721 (10th Cir. 1987)("Filing

a timely notice of appeal pursuant to Fed. R. App. P. 3 transfers the matter from the district court to the court of appeals. The district court is thus divested of jurisdiction. Any subsequent action by it is null and void." (citations omitted)); Kirtland v. J. Ray McDermott & Co., 568 F.2d 1166, 1170 (5th Cir. 1978)("[I]t is the filing of the appeal, not the entering of a final judgment, that divests the district court of jurisdiction." (citations omitted)). But because the final judgment starts the parties' thirty-day clock for filing a timely notice of appeal, the Federal Rules and the Tenth Circuit have chosen to curtail the district court's jurisdiction over the case in the roughly month-long period of potentially overlapping trial- and appellate-court jurisdiction that immediately follows the entry of final judgment. See Servants of the Paraclete v. Does, 204 F.3d at 1009 (noting that post-final judgment motions at the district court level are "not intended to be a substitute for direct appeal").

Basically, rather than suddenly divesting the district court of all jurisdiction over the case -- potentially resulting in the district court being unable to rectify easily fixable problems with the final judgment before the case goes to the Tenth Circuit or even requiring appeal of a case that might otherwise not need to be appealed -- the Federal Rules set forth a jurisdiction phased de-escalation process, wherein the district court goes from pre-final judgment plenary jurisdiction, to limited review for the first twenty-eight days post-final judgment, and, finally, to solely rule 60 review after twenty-eight days. In defining the "limited review" that rule 59(e) allows a district court to conduct in the twenty-eight-day flux period, the Tenth Circuit, in Servants of the Paraclete v. Does, incorporated traditional law-of-the-case grounds -- the same grounds that inform whether a court should depart from an appellate court's prior decision in the same case -- into rule 59(e). See United States v. Alvarez, 142 F.3d 1243, 1247 (10th Cir. 1998)(departing from the law-of-

the-case doctrine in three exceptionally narrow circumstances: "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice")(citation omitted); Servants of the Paraclete v. Does, 204 F.3d at 1012 (incorporating those three grounds into rule 59(e)).

Neither of these concerns -- finality nor jurisdictional overlap -- is implicated when a district court reconsiders one of its own interlocutory orders. The Federal Rules do not specifically mention motions to reconsider interlocutory orders, but rule 54(b) makes the following open-ended proclamation about their mutability:

> When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Rule 54(b) thus (i) provides that a district court can freely reconsider its prior rulings; and (ii) puts no limit or governing standard on the district court's ability to do so, other than that it must do so "before the entry of judgment." Fed. R. Civ. P. 54(b).

The Tenth Circuit has not cabined district courts' discretion beyond what rule 54(b) provides: "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders." Been v. O.K. Indus., 495 F.3d at 1225. In the Tenth Circuit, "law of the case doctrine has no bearing on the revisiting of interlocutory orders, even when a case has been reassigned from one judge to another." Rimbert v. Eli Lilly & Co., 647 F.3d 1247, 1252 (10th Cir. 2011)(emphasis

- 14 -

added)(citing <u>Been v. O.K. Indus., Inc.</u>, 495 F.3d at 1225). In this context, "the doctrine is merely a 'presumption, one whose strength varies with the circumstances.'" <u>Been v. O.K. Indus., Inc.</u>, 495 F.3d at 1225 (quoting <u>Avitia v. Metro. Club of Chi., Inc.</u>, 49 F.3d 1219, 1227 (7th Cir. 1995)). In short, a district court can select the standard of review for a motion to reconsider an interlocutory order. It can review the earlier ruling de novo and essentially reanalyze the earlier motion from scratch, it can review the ruling de novo but limit its review, it can require parties to establish one of the law-of-the-case grounds, or it can refuse to entertain motions to reconsider altogether.

The best approach, in the Court's eyes, is to analyze motions to reconsider differently depending on three factors. <u>Cf. Been v. O.K. Indus., Inc.</u>, 495 F.3d at 1225 ("[T]he doctrine is merely a 'presumption, one whose strength varies with the circumstances.'")(quoting <u>Avita v. Metro. Club of Chicago, Inc.</u>, 49 F.3d 1219, 1227 (7th Cir. 1995)). First, the Court should restrict its review of a motion to reconsider a prior ruling in proportion to how thoroughly the earlier ruling addressed the specific findings or conclusions that the motion to reconsider challenges. How "thoroughly" the court addressed a point depends both on the amount of time and energy the court spent on it, and on the amount of time and energy the parties spent on it -- in briefing and orally arguing the issue, but especially if they developed evidence on the issue. A movant for reconsideration thus faces a steeper uphill challenge when the prior ruling was on a criminal suppression motion, class certification motion, or preliminary injunction,[4] than when

---

[4]The Court typically makes findings of fact and conclusions of law in ruling on these motions. At first glance, it appears that the Federal Rules of Civil Procedure set forth additional standards -- beyond that which applies to other interlocutory orders -- for amending findings of fact and conclusions of law: "Amended or Additional Findings. On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings -- or make additional findings -- and may amend the judgment accordingly. The motion may accompany

the prior ruling is, e.g., a short discovery ruling. The court should also look, not to the prior ruling's overall thoroughness, but to the thoroughness with which the court addressed the exact point or points that the motion to reconsider challenges. A movant for reconsideration thus faces an easier task when he or she files a targeted, narrow-in-scope motion asking the court to reconsider a small, discrete portion of its prior ruling than when he or she files a broad motion to reconsider that rehashes the same arguments from the first motion, and essentially asks the court to grant the movant a mulligan on its earlier failure to present persuasive argument and evidence.

Second, the court should consider the case's overall progress and posture, the motion for reconsideration's timeliness relative to the ruling that it challenges, and any direct evidence the parties may produce, and use those factors to assess the degree of reasonable reliance that the opposing party has placed in the court's prior ruling. See 18B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Vikram David Amar, Richard D. Freer, Helen Hershkoff, Joan E. Steinman & Catherine T. Struve, Federal Practice & Procedure § 4478.1, at 695-96 (2d ed. 2002)("Stability becomes increasingly important as the proceeding nears final disposition . . . . Reopening should be permitted, however, only on terms that protect against reliance on the earlier ruling."). For example, if a defendant (i) spends tens of thousands of

_____

a motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b). This rule appears to limit motions to reconsider orders with findings of fact and conclusions of law to twenty-eight days. The rule's use of the term "entry of judgment," its reference to rule 59, and its adoption of the same time period that applies to motions to alter or amend a judgment, all lead the Court to conclude, however, that rule 52(b) -- and its twenty-eight-day time limit -- does not apply to interlocutory orders. The time limit applies only to findings of fact and conclusions of law supporting a case-ending judgment -- such as those entered after a bench trial -- and to those giving rise to an interlocutory appeal that, if filed, divests the district court of its jurisdiction -- such as those entered in support of a preliminary injunction.

dollars removing legacy computer hardware from long-term storage; then (ii) obtains a protective

order in which the court decides that the defendant need not produce the hardware in discovery;

then (iii) returns the hardware to long-term storage, sustaining thousands more in expenses; and

(iv) several months pass, then the plaintiffs should face a higher burden in moving the court to

reconsider its prior ruling that they faced in fighting the motion for protective order the first time.

Third, the court should consider the Servants of the Paraclete v. Does grounds. The court

should be more inclined to grant motions for reconsideration if the movant presents (i) new

controlling authority -- especially if the new authority overrules prior law or sets forth an entirely

new analytical framework; (ii) new evidence -- especially if the movant has a good reason why the

evidence was not presented the first time around; or (iii) a clear indication -- one that manifests

itself without the need for in-depth analysis or review of the facts -- that the court erred.

These three factors should influence the degree to which the court restricts its review of

a prior ruling, but they do not necessarily mean that the court should always apply a deferential

standard of review. The court should pause before applying a standard of review to its own

interlocutory orders that is more deferential than the standard that the court of appeals will apply

to it unless the court concludes that the alleged error in the prior ruling was harmless, or the

party moving for reconsideration waived the right to appeal the alleged error by not raising the

appropriate argument. See Lopez v. Delta Int'l Mach. Corp., 312 F. Supp. 3d 1115, 1142

(D.N.M. 2018), aff'd sub nom. Lopez v. Stanley Black & Decker, Inc., 764 F. App'x 703 (10th

Cir. 2019). Even in circumstances where the court concludes that it is insulated from reversal

on appeal, there are principled reasons for applying a de novo standard. After all, if the court

was wrong in its earlier decision, then, generally speaking, it is unjust to maintain that result --

although the court should weigh this injustice against any injustice that would result from upending the parties' reliance on the earlier ruling, which is the balancing test that the three factors above represent.

What the court means by "restricting its review" is less about applying a deferential standard of review -- although that may be appropriate in some circumstances -- and more about reducing (i) the depth of the court's analysis the second time around -- thus conserving judicial resources; and (ii) the impositions that relitigation of the prior ruling will impose on the party opposing the motion for reconsideration. The court should consider the time and expense that the party opposing reconsideration spent in winning the earlier ruling, and should try to prevent that party from having to bear the same impositions again. Basically, even if the court ultimately analyzes a motion to reconsider under the same standard that it analyzed the motion that produced the earlier ruling, it should analyze the motion in a different way -- one focused on reducing the litigation burdens of the party opposing reconsideration. For example, when a party moves the court for a preliminary injunction, standard practice is that the court holds an evidentiary hearing as a matter of course, regardless whether it looks as if the party has a good chance of prevailing. If the party loses and the court denies the injunction, however, and the party moves for reconsideration, the party should not be entitled to the presumption of an evidentiary hearing merely because he or she received that presumption the first time that the court considered the motion.

In light of these statements, it is perhaps better to characterize the increased burden that a movant for reconsideration faces as one of production and not of persuasion. The court analyzes motions to reconsider by picking up where it left off in the prior ruling -- not by starting anew.

Parties opposing reconsideration can do the same, and they may stand on whatever evidence and argument they used to win the earlier ruling. Movants for reconsideration, on the other hand, carry the full burden of production: they must persuade the court, using only the evidence and argument they put before it, that it should change its prior ruling; they must do all of the legwork, and not rely on the court to do any supplemental fact-finding or legal research; and they must convincingly refute both the counterarguments and evidence that the opposing party used to win the prior ruling and any new arguments and evidence that the opposing party produces while opposing the motion to reconsider. Unlike the motion that produced the prior ruling, a motion to reconsider is not -- and is not supposed to be -- a fair fight procedurally. The deck is stacked against a movant for reconsideration, and if such a movant hopes to prevail, he or she must have not only a winning legal position, but the work ethic and tenacity to single-handedly lead the court to his or her way of thinking.

## ANALYSIS

Kruskal asks the Court to reconsider its prior ruling and "requests that this court make the logs from the federal email system available to Kruskal (and/or his expert) such that Kruskal can prove that he never opened the emails." Second Motion to Reconsider at 1. Kruskal does not present sufficient grounds for the Court to change its Order denying Kruskal's first Motion to Reconsider. See Servants of the Paraclete v. Does, 204 F.3d at 1012 ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.").

Kruskal does not argue that there has been an intervening change in the controlling law. Nor does he argue that there is new evidence previously unavailable. Kruskal appears to argue

that the Court should have made its ruling based on when Kruskal read the notice of the Court's ruling and not on when Kruskal received notice.   Kruskal has acknowledged that "the letters[5] did in fact arrive [in his email] on 11/30/2015."   Motion to Reconsider at 3.

> A paper is served under this rule by . . . sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing -- in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served.

Fed. R. Civ. P. 5(b)(2)(E).   Kruskal has not cited any legal authority supporting his contention that a paper is served when the person to whom the paper was sent reads the paper.   Consequently, Kruskal has not shown that reconsideration is warranted by a need to correct a clear error.

**IT IS ORDERED** that the Plaintiff's Motion to Reconsidder [sic] Memorandum Oppinion [sic] and Order 8/20/2018 and Request for Documentation, filed August 31, 2018 (Doc. 14), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Kerry Kruskal
Arroyo Seco, New Mexico

    *Plaintiff pro se*

---

[5]The word "letters" refers to the Notices of Electronic Filing of the Dismissal Order and the Final Judgment the Court electronically mailed to the email address that Kruskal provided.

Juan Martinez
Diana Martinez

     *Defendants pro se*