## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KERRY KRUSKAL,

        Plaintiff,

vs.                                          No. CIV 16-1075 JB/SCY

JUAN MARTINEZ and DIANA MARTINEZ,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Reopen for Newly Discovered Evidence, filed October 1, 2019 (Doc. 16)("Second Motion to Reopen"). Plaintiff Kerry Kruskal appears pro se. For the reasons set out below, the Court will deny Kruskal's Second Motion to Reopen.

## PROCEDURAL BACKGROUND

On September 29, 2016, Kruskal filed suit in federal court requesting relief from a state court decision. See Notice of Appeal -- Complaint to Send NM Supreme Court Decision Back to State at 1-3 (Doc. 1)("Complaint"). In 2015, the County of Taos, Eighth Judicial District Court, State of New Mexico, ruled on a contract dispute involving Kruskal, but the state court clerk did not send a copy of the ruling to the parties. See Complaint at 1. Kruskal appealed, but "[t]he Appellate Court refused to look into the issues raised in the appeal, stating that Kruskal had missed the 30-day deadline." Complaint at 2. "The Supreme Court upheld the Appellate decision." Complaint at 2. Consequently, Kruskal requested "that this Federal Court reverse the opinion of the Supreme court, and send the appeal back down to be reviewed on the merits." Complaint at 2. Kruskal also filed a CM/ECF Pro Se Notification Form showing that he elected to receive notification via e-mail. See CM/ECF Pro Se Notification Form at 1, filed September 29, 2016

(Doc. 3)("Pro Se Form").

The Court dismissed this case without prejudice for lack of subject-matter jurisdiction

stating:

> Kruskal, who lost in state court by virtue of a decision which the Supreme Court of the State of New Mexico entered before the commencement of this case, asks this Court to review the correctness of the Supreme Court of the State of New Mexico's decision.  See Complaint at 2.  The Court does not have jurisdiction to review the Supreme Court of the State of New Mexico's decision.  See Valdez v. Metro. Prop. & Cas. Ins. Co., 867 F. Supp. 2d [1143], 1167-68  [(D.N.M. 2012)(Browning, J.)](stating that the Rooker-Feldman[1] doctrine requires: "(i) a state-court loser; (ii) who is asking a federal district court; (iii) to review the correctness of a judgment rendered by a state court;  and  (iv) which judgment was rendered before the commencement of the federal proceeding").  Kruskal does not seek any other relief, and does not allege any facts showing that this Court has subject-matter jurisdiction.  See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d [1491], 1495 [(10th Cir. 1995)](stating that the party seeking the exercise of jurisdiction bears the burden of establishing the validity of that jurisdiction and "must allege in his pleading the facts essential to show jurisdiction").

Memorandum Opinion and Order of Dismissal at 7-8, 2016 WL 7246108, at *4, filed November

30, 2016 (Doc. 7)("Dismissal MOO").  The Court entered its Final Judgment on November 30,

2016.  See Final Judgment at 1, filed November 30, 2016 (Doc. 8).   On November 30, 2016, the

Court electronically emailed Notices of Electronic Filing of the Dismissal MOO and the Final

Judgment to the email address that Kruskal provided in his CM/ECF Pro Se Notification Form.

See Pro Se Form at 1.   Kruskal did not file a notice of appeal.

Kruskal then asked the Court to reopen this "case such that Kruskal can appeal."  Request

to Reopen Case Such That Kruskal Can Appeal the Final Judgement [sic] The Honorable James

---

[1]The Rooker-Feldman doctrine derives from two Supreme Court of the United States of America cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  The United States Court of Appeals for the Tenth Circuit has held that the "Rooker-Feldman doctrine prohibits federal suits that amount to appeals of state-court judgments."  Bolden v. City of Topeka, 441 F.3d 1129, 1142-43 (10th Cir. 2006).

O. Browning 11/30/2016 ¶ 1, at 2, filed May 5, 2017 (Doc. 9)("Motion to Reopen").  Kruskal

appeared to make his request to reopen the case pursuant to rule 4 of the Federal Rules of Appellate

Procedure.  Kruskal states: "The record shows that Kruskal was sent two emails on 11/30/2016.

They did not arrive."  Motion to Reopen ¶ 3, at 1.

  The Court denied Kruskal's Motion to Reopen, "[b]ecause the first prerequisite for

reopening the time to appeal pursuant to rule 4(a)(6) of the Federal Rules of Appellate Procedure

ha[s] not been met."  Kruskal v. Martinez, 2018 WL 279751, at *2 (D.N.M. Jan. 3,

2018)(Browning, J.)("MOO Denying Motion to Reopen").  To reopen the time to appeal, the Court

must find:

> (A) . . . that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and,
>
> (C) . . . that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).  The Court stated:

> The Court's investigation of the record in this case does not support Kruskal's assertion that he did not receive the Dismissal Order and the Final Judgment.  The Notices of Electronic Filing of the Dismissal Order and the Final Judgment were electronically mailed to the email address that Kruskal provided. Furthermore, a systems engineer with the Court reviewed the Court's Case E-Mail Notification Tracking System archives, which show that the destination server successfully received the emails on November 30, 2016 emails to Kruskal. Kruskal offers no explanation for why he did not receive the emails.  The Court concludes that Kruskal received timely notice of the Court's Dismissal Order and Final Judgment.

MOO Denying Motion to Reopen, 2018 WL 279751, at *2.

  In his Motion to Reconsider, which he filed on Jan`uary 11, 2018, Kruskal states: "Just a

couple of days ago, Kruskal went back into his own archived mail to find that the letters[2] did in fact arrive on 11/30/2015 [sic]."  Motion to Reconsid[]er Request to Reopen Memorandum of Op[]inion and Order Denying Motion to Reopen Case at 3, filed January 11, 2018 (Doc. 11)("Motion to Reconsider").  Kruskal also states that he "just now opened the emails, for the very first time Kruskal sees" the notice of the Court's Order dismissing the case.  Motion to Reconsider at 3.  Kruskal explains that a "server problem" may have caused the emails to arrive late.  Motion to Reconsider at 3.

The Court denied Kruskal's Motion to Reconsider, noting that "Kruskal consented in writing to receive notifications by email" and "Kruskal was timely served notice of the entry of judgment -- the same day the judgment was entered." Kruskal v. Martinez, 2018 WL 3972910, at *9 (D.N.M. Aug. 18, 2018)(Browning, J.)("MOO Denying Reconsideration")(citing Fed. R. App. P. 4(a)(6); Fed. R. Civ. P. 77(d); Fed R. Civ. P. 5(b)).  The Court concluded that "Kruskal received proper notice under rule 77(d) of the Federal Rules of Civil Procedure, and he has not shown any new evidence that is relevant to the appellate rule 4(a)(6) prerequisite for reopening the time to appeal." MOO Denying Reconsideration, 2018 WL 3972910, at *9.

Kruskal then asked the Court to reconsider its MOO Denying Reconsideration, stating that he is "perplexed that the court computer expert appears to so readily be able to find the delivery receipt, but will not confirm that there is no read receipt."  Second Motion to Reconsider at 1. "Kruskal requests that this court make the logs from the federal email system available to Kruskal (and/or his expert) such that Kruskal can prove that he never opened the emails."  Second Motion to Reconsider at 1.

---

[2]The word "letters" refers to the Notices of Electronic Filing of the Dismissal Order and the Final Judgment that the Court electronically mailed to the email address that Kruskal provided.

The Court denied Kruskal's Second Motion to Reconsider, noting that "Kruskal appears to argue that the Court should have made its ruling based on when Kruskal read the notice of the Court's ruling and not when Kruskal received notice," and that "Kruskal has acknowledged that 'the letters did in fact arrive [in his email] on 11/30/2015 [sic].'"  Kruskal v. Martinez, 429 F. Supp. 3d 1012, 1026 (D.N.M. 2019)(Browning, J.)("MOO Denying Second Motion to Reconsider").  The Court concluded "Kruskal has not shown that reconsideration is warranted by a need to correct a clear error."  MOO Denying Second Motion to Reconsider, 429 F. Supp. 3d at 1027 (citing Fed. R. Civ. P. 5(b)(2)(E)).

Kruskal now asks the Court to reopen the case and states "there is NEW EVIDENCE to support Kruskal's claim."  Motion to Reopen for Newly Discovered Evidence at 1, filed October 1, 2019 (Doc. 16)("Second Motion to Reopen").  Kruskal states he "is still experiencing all kinds of unusual server problems," and gives examples of emails arriving on the date they were sent, arriving late or arriving "with an entirely different date."  Second Motion to Reopen at 1.  Kruskal also states "[e]ven if this court has determined that an email arrived into Kruskal's server, that certainly does not mean that it arrived at time certain."  Second Motion to Reopen at 2.

## ANALYSIS

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk."  Fed. R. App. P. 3(a)(1).   In a civil case, "the notice of appeal . . . must be filed with the district court clerk within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  Assuming that certain conditions are met, "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered."  Fed. R. App. P. 4(a)(6).  To reopen the time to appeal, the Court must find:

(A)      . . . that the moving party did not receive notice under Federal Rule of

Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B)    the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and,

(C)    . . . that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

The Court previously concluded that "Kruskal received timely notice of the Court's Dismissal Order and Final Judgment." Order Denying Motion to Reopen at 4. Kruskal now asks the Court to reopen the case because of newly discovered evidence, but that evidence does not show that Kruskal did not receive timely notice of the Court's Dismissal Order and Final Judgment. The evidence Kruskal cites in support of his argument are: (i) an email sent on July 21, 2019, which "did not arrive until … August 9, 2019;" and (ii) a July 29, 2019, email from CenturyLink which "[s]hows that an email may arrive with the date that it was sent. OR -- it may arrive with the date that it actually arrived into the server. OR -- it may arrive with an entirely different date." Second Motion to Reopen at 1. While the newly discovered evidence shows that some emails sent in 2019 "may arrive with an entirely different date," it does not show that Kruskal did not receive the Court's emailed Notices of Electronic Filing on November 30, 2016. Second Motion to Reopen at 1. Furthermore, Kruskal has previously stated that "Kruskal went back into his own archived mail to find that the [Notices of Electronic Filing of the Dismissal Order and the Final Judgment that the Court electronically mailed to the email address that Kruskal provided] did in fact arrive on 11/30/2015 [sic]." Motion to Reconsider at 3. Because the first prerequisite for reopening the time to appeal pursuant to rule 4(a)(6) of the Federal Rules of Appellate Procedure has not been met, the Court denies Kruskal's request to reopen the case.

**IT IS ORDERED** that Plaintiff's Motion to Reopen for Newly Discovered Evidence, filed

October 1, 2019 (Doc. 16), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Kerry Kruskal
Arroyo Seco, New Mexico

    *Plaintiff pro se*

Juan Martinez
New Mexico

    *Defendant pro se*

Diana Martinez
New Mexico

    *Defendant pro se*